1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

XOCHI QUETZAL HAENA FLORES *ex rel*.
G.H.R. b. 2010,

        Plaintiffs,

    v.

DAVE NEEDY,

        Defendant.

Case No. 2:19-cv-00389-RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the Court on Plaintiffs' motion for service of summons. Dkt. # 10.  For the reasons that follow, the Court **DISMISSES** this case with prejudice, and terminates the pending motion as moot.

On March 17, 2019, Plaintiffs G.H.R. and his biological mother filed this action against a superior court judge who ruled against them at an ex-parte custody hearing on August 9, 2016.  Dkt. # 5 (Complaint).  Plaintiffs seek restoration of Plaintiffs' Final Parenting Plan, dated March 7, 2016, and seek $4,500 in monthly contributions from G.H.R.'s father.  *Id.*  Plaintiffs applied to proceed *in forma pauperis*.  Dkt. # 1.  The Honorable Mary Alice Theiler granted the application.  Dkt. # 4.

District courts are courts of limited jurisdiction and "may not grant relief absent a constitutional or valid statutory grant of jurisdiction." *A–Z Int'l. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) (citation omitted). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Id.* A federal court "ha[s] an independent obligation to address *sua sponte* whether [it] has subject-matter jurisdiction." *Dittman v. Cal.*, 191 F.3d 1020, 1025 (9th Cir. 1999) (citation omitted). "[A] court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) (citation omitted). "There is no subject matter jurisdiction over ... domestic disputes" where a "federal court is asked to grant a divorce or annulment, determine support payments, or award custody of children." *Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) (citation omitted). "This rule applies even [when] ... the challenge is anchored to alleged deprivations of federally protected due process and equal protection rights." *Id.* (citation omitted).

At their core, Plaintiffs' claims present a child custody dispute. They are, therefore, barred by the domestic relations exception to federal subject matter jurisdiction. The domestic relations exception "divests the federal courts of power to issue divorce, alimony and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). Ninth Circuit courts "traditionally decline to exercise jurisdiction in domestic relations cases when the core issue involves the status of parent and child or husband and wife." *Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987); *see also Peterson*, 708 F.2d at 466. "For that matter, the whole subject of domestic relations and particularly child custody problems is generally considered a state law matter." *Id.* at 466.

Plaintiffs ask this Court modify a child custody plan and award child support payments. This court finds that it has no authority to do so and that the jurisdictional deficiencies in the complaint cannot be resolved by amendment.

For the reasons stated above, the Court **DISMISSES** Plaintiffs' complaint with

ORDER – 2

prejudice.  Plaintiffs' motion for service of summons is **DENIED** as moot.  The Clerk of the Court shall enter judgment and close the file.

//

DATED this 9th day of April, 2019.

The Honorable Richard A. Jones
United States District Judge